UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LESLIE SHAYNE MILLER-BASINGER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CASE NO. 2:16-cv-118 |
| ) | |
| MAGNOLIA HEALTH MANAGEMENT, ) | |
| LLC, ) | |
| ) | |
| Defendant ) | |

*PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND REQUEST FOR TRIAL BY JURY*

Comes now the Plaintiff, Leslie Shayne Miller-Basinger ("Basinger"), by counsel, and for her Complaint against the Defendant, Magnolia Health Management, LLC (hereinafter "Magnolia"), alleges and says:

## I. PARTIES

1. Basinger is a resident of the State of Indiana, and is domiciled in Shelburn, Sullivan County, Indiana. Basinger was hired by Magnolia on or about February 10, 2014 to work as a licensed practical nurse at its Breckenridge Health and Rehabilitation Center in Sullivan, Indiana. She continued as an employee until she was involuntarily terminated on or about December 16, 2014.

2. Upon information and belief, Magnolia Health Management, LLC d/b/a Breckenridge Health and Rehabilitation Center is an Indiana limited liability company and it is the entity which identified itself as Basinger's employer on income tax documents.

## II. FACTUAL ALLEGATIONS

3. As described above, Basinger was hired by Magnolia on or about February 10,

1

2014 to work as a licensed practical nurse at its Breckenridge Nursing Home in Sullivan, Indiana. She continued as an employee until she was involuntarily terminated on or about December 16, 2014.

4. In November 2014, Basinger underwent a surgery to remove her thyroid. Her thyroid was tested and, in December 2014, Basinger's physicians advised her that she had been diagnosed with Stage III cancer. Basinger's cancer was to be treated with radiation.

5. Basinger fully apprised her supervisors and managers of her original surgery, which occurred on December 3, 2014, and her subsequent cancer diagnosis, which she learned on December 9, 2014, and her need for follow up treatment.

6. While it was quick to return to work after her December 3, 2014 surgery, Basinger did return to work on December 9, 2014. Upon her return to work, Basinger advised her supervisors and managers that she was going to need time off for radiation treatment for her cancer.

7. Basinger was fired on December 16, 2014, just 7 days after returning from her surgery and 7 days after advising her Breckenridge supervisors of her cancer diagnosis and need for time off for treatment. During the time period between December 9, 2014 and December 16, 2014, Basinger's Breckenridge supervisors gave her two pretextual warnings - a verbal and a written warning - claiming Basinger worked overtime without authorization and claiming Basinger had been tardy and absent (on December 11, 2014) without permission. Moreover, even though Basinger was given only a written warning on December 16, 2014, she was called at home that same night by the Breckenridge Administrator, Laurie White, who very curtly advised Basinger that she was being terminated and then hung the phone up.

8. Breckenridge fired Basinger because it was discriminating against her due to her cancer disability. Breckenridge did not wish to accommodate Basinger with additional days off necessary to undergo (and likely recover from) radiation treatment. The verbal and written "warnings" were pretextual and transparent attempts to justify Breckenridge's illegal and discriminatory reason for terminating Basinger's employment.

9. Basinger has been significantly harmed by Breckenridge's discriminatory termination of her employment. She is seeking all lost wages and benefits, reinstatement or front pay and benefits, and all compensatory and punitive damages, including compensatory damages for mental and emotional stress and anguish, humiliation, loss of enjoyment of life, career damage, and all pecuniary damages. Basinger is also seeking payment of all of her reasonable attorney's fees, costs and expenses. Basinger's claim arises under the Americans with Disabilities Act.

### III. JURISDICTION AND VENUE

10. This Court has jurisdiction over Basinger's ADA under 28 USC § 1331, as those claims raise questions of federal law.

11. This Court is the appropriate venue for this cause of action as Basinger worked for Magnolia at its Sullivan County, Indiana nursing home and most of the illegal activity took place in the Southern District of Indiana. 28 USC § 1391.

### IV. ADMINISTRATIVE PROCEDURES

12. Basinger has complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit. Basinger received her Notice of Right to Sue from the Equal Employment Opportunity Commission, which was dated February 17, 2016.

## V.  STATEMENT OF CLAIMS

### A.  CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT

13. Basinger incorporates herein by reference paragraphs 1 through 9 above.

14. Magnolia knowingly and intentionally discriminated against Basinger in violation of the Americans with Disabilities Act and the Americans with Disabilities Act Amendments Act of 2008.

15. Magnolia's violations of Basinger's ADA rights included, but are not limited to, the following:

   a. Discriminating against Basinger because of her particular disability, cancer;

   b. Terminating Basinger in order to avoid providing Basinger medical leave for her cancer treatment.  In so doing, Magnolia failed to reasonably accommodate Basinger's known disability.

16. In this case, Magnolia's decision to terminate Basinger based upon Basinger's disclosure of her cancer diagnosis and her report to her managers that she would need some medical leave to treat her cancer violates the ADA's prohibition against disability discrimination in employment decisions.

17. Basinger is a qualified individual with a disability who is capable of performing all essential functions of her LPN job with Magnolia, with or without reasonable accommodation.  Basinger's Stage III cancer is a disability under the ADA, and it substantially impairs and significantly restricts Basinger, when compared to the average person in the general population, in a number of major life activities, including, but not limited to, working, caring for

oneself, eating, sleeping, concentrating and thinking — and major bodily functions—including, but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder functions, etc...

18. Additionally, Magnolia terminated Basinger and discriminated against Basinger based upon Magnolia's regard of Basinger as being disabled with cancer.

19. Magnolia terminated Basinger rather than engage with her in the interactive communication process required under the ADA.

20. Magnolia discriminated against and terminated Basinger for having engaged in protected activity, to wit, making known her disability, and need to seek treatment that would entail medical leave (days off from work).

21. Prior to her termination from employment, Basinger performed her job duties well and met her employer's reasonable expectations.

22. Basinger's disability improperly motivated Magnolia's decision to discharge her from employment. Such wrongful actions on the part of Magnolia violate Title I of the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a and the Americans With Disabilities Amendments Act of 2008.

23. Magnolia failed and refused to make reasonable accommodations to Basinger's known and/or perceived physical limitations, in violation of Title I of the Americans With Disabilities Act, 42 U.S.C. § 12112(b)(5)(A). The effect of Magnolia's conduct has been to deprive Basiner of equal employment opportunities and to deprive her of the same rights as are enjoyed by other citizens.

24. As a direct and proximate result of Magnolia's conduct, Basinger has sustained

substantial economic losses, including past and future wage losses, and other economic benefits. Basinger has also sustained the loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, career damage, mental and emotional distress, discomfort, and loss of enjoyment of life, all to her detriment and damage in amounts not fully ascertained.  Further, as described hereinabove, Magnolia acted oppressively, maliciously, fraudulently and outrageously toward Basinger, with conscious disregard for Basinger's known rights and with the intention of causing unjust and cruel hardship to Basinger.  In acting in a deliberate and intentional manner, Magnolia intended to and did injure and annoy Basiner. Basinger is seeking punitive damages against Magnolia for its violations of the ADA.

25. As a result of Magnolia's discriminatory practices, Basinger is seeking all available compensatory damages, punitive damages, and any and all equitable relief available to her under the ADA.

26. As a result of Magnolia's discriminatory practices, Basinger has found it necessary to retain the services of an attorney and is therefore entitled to her reasonable attorney's fees in this matter.

## *VI.  PRAYER FOR RELIEF*

WHEREFORE, Basinger respectfully requests that the Court enter judgment against Magnolia and issue all available relief to her and to all eligible members of the Plaintiff Class(es), including, but not limited to, the following:

1. All damages available under the ADA;

2. All compensatory damages;

3. All punitive damages;

4. Any and all available equitable relief;

5. All back pay and benefits;

6. Reinstatement and/or front pay and benefits;

7. All reasonable attorney's fees and expenses;

8. Costs;

9. Prejudgment interest, if available; and

10. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net

## *REQUEST FOR TRIAL BY JURY*

Comes now the plaintiff, Leslie Shayne Miller-Basinger, by her counsel, and hereby requests a trial by jury on issues which may be tried to a jury.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net